IN THE MATTER OF MEL DAHL. May 19, 1999. *Attorney at Law,* Disciplinary proceeding, Disbarment. *Practice, Civil,* Impoundment order.

The respondent, under investigation by bar counsel, filed an affidavit of resignation as an attorney with the Board of Bar Overseers (board) pursuant to S.J.C. Rule 4:01, § 15, as appearing in 425 Mass. 1319 (1997). In this affidavit the respondent "acknowledge[d] freely and voluntarily that the material facts upon which the petition for discipline is predicated can be established by a preponderance of the evidence . . . . I agree that the evidence . . . is sufficient to establish violations of the Disciplinary Rules set forth in the petition for discipline. I agree not to contest the facts set forth in the petition . . . ." Elsewhere in the affidavit, the respondent acknowledged that he understood he could be disbarred as a result of the affidavit. The board filed the affidavit in the county court along with a recommendation that the respondent be disbarred. A single justice of this court agreed and ordered the respondent's disbarment.

The petition for discipline, which the respondent agreed not to contest, set out facts showing that the respondent had committed numerous ethical violations. He had used client funds, held in an IOLTA account, for personal purposes, and had lied to clients about the status of their funds. He had attempted to bill a client for services he never performed. He caused the introduction of false testimony and forged documents into evidence at a trial in which he was a criminal defendant. He destroyed evidence sought by bar counsel in the investigation.

The respondent now purports to appeal from the order of disbarment, as well as an order the single justice entered impounding certain materials the respondent submitted to the court. The sanction of disbarment was appropriate on the facts of the case. See, e.g., *Matter of Schoepfer*, 426 Mass. 183, 186 (1997) ("disbarment or indefinite suspension is the presumptive sanction if a lawyer has intentionally deprived a client of funds"). The respondent acknowledged in his affidavit that disbarment was an appropriate sanction ("I understand that a judgment for my disbarment could result if the matters were litigated. . . . I understand . . . that the Supreme Judicial Court may disbar me without any further proceedings").

The respondent also contends that the single justice erred in failing to enter a declaratory judgment that "the respondent [did not] admit to factual guilt in signing the affidavit." Such a declaration would have been superfluous. The affidavit, by its plain terms, merely acknowledged that the facts as alleged by bar counsel *could* be proved by a preponderance of the evidence at a hearing. Bar counsel does not contend otherwise.

As for the order of impoundment, the materials in question made various allegations against a potential witness in the case, a former client of the respondent. The single justice was well within his discretion in impounding such material in order to protect the former client's privacy. See *H.S. Gere & Sons* v. *Frey*, 400 Mass. 326, 329 (1987).

The orders of the single justice are hereby affirmed.

*So ordered.*

The case was submitted on briefs.

*Nancy E. Kaufman*, Assistant Bar Counsel.

*Mel Dahl*, pro se.